# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CHERYL CHUBA,

    Plaintiff,

vs.

CITY OF ALLEN PARK, a Michigan Municipal Corporation and KENNETH DOBSON, in his Official and Unofficial Capacity,

    Defendants.

_____/

**03-74369** 

Case No:
Hon. GEORGE CARAM STEEH
Lower Case No. 03-301342-CD

MAGISTRATE JUDGE PEPE

JOEL B. SKLAR (P 38338)
Attorney for Plaintiff
30445 Northwestern Highway, Suite 200
Farmington Hills, Michigan 48334
(248) 855-1330

PAUL E. PEDERSEN (P 24355)
Attorney for Defendants
4057 Pioneer Drive, Suite 300
Commerce Twp., Michigan 48390-1363
(248) 363-6400

_____/

## NOTICE OF REMOVAL
## PURSUANT TO 28 USC §1446

NOW COME the Defendants, City of Allen Park and Kenneth Dobson, by and through their attorneys, Pedersen, Keenan, King, Wachsberg & Andrzejak, P.C., and in support of the removal petition, states as follows:

    1.    The Second Amended Complaint and Jury Demand was filed by the Plaintiff on or about October 24, 2003.

2. The Second Amended Complaint and Jury Demand was served upon the Defendants on or about October 27, 2003.

3. Attached hereto as Exhibit 1 is a copy of the documents served upon the Defendants, which include the Second Amended Complaint and Jury Demand.

4. As reflected by the documents contained in Exhibit 1, Plaintiff is making claims of violations of various Federal Constitutional Provisions, including constitutional rights violations identified in § 1983 and first amendment retaliation claims and fourteenth amendment claims. Said Second Amended Complaint contains federal issues.

5. That State actions are moot pursuant 28 USC §1441(B) inasmuch as it involves claims of federal civil rights violations.

6. That the removal is timely as it has been within thirty (30) days of the date of service of the Second Amended Complaint and Jury Demand upon these Defendants.

7. Defendants hereby remove the State action to this Court pursuant to 28 USC 1446.

                                      PEDERSEN, KEENAN, KING,
                                      WACHSBERG & ANDRZEJAK, P.C.

BY: _____
           PAUL E. PEDERSEN (P 24355)
           Attorney for Defendants
           4057 Pioneer Drive, Suite 300
           Commerce Township, MI 48390-1363
           (248) 363-6400

Dated: October 29, 2003

**EXHIBIT "1"**

STATE OF MICHIGAN

WAYNE COUNTY CIRCUIT COURT

CHERYL CHUBA,

    Plaintiff,

vs.

CITY OF ALLEN PARK, a Michigan Municipal Corporation and KENNETH DOBSON, in his Official and Unofficial Capacity,

    Defendants.
_____/

03-301342 CD 1/14/2003
JDG:EDWARD M THOMAS
CHUBA CHERYL
    VS
ALLEN PARK CITY OF

JOEL B. SKLAR P38338
Attorney for Plaintiff
30445 Northwestern Hwy. 200
Farmington Hills, MI 48334
248-855-1330

PAUL E. PEDERSON P24355
Attorney for Defendant City
4057 Pioneer Drive Suite 300
Commerce Twp., MI 48390
248-363-6400
_____/

### SECOND AMENDED COMPLAINT AND JURY DEMAND

Plaintiff Cheryl Chuba, by and through her counsel, files this Second Amended Complaint and Jury Demand against Defendants City of Allen Park, a Michigan municipal corporation and Kenneth Dobson in his Official and Unofficial Capacity and says:

    1.    Plaintiff Cheryl Chuba is a resident of Wayne County, Michigan.

    2.    Defendant City of Allen Park is a Michigan municipal corporation located in Wayne County, Michigan.

3. Defendant Kenneth Dobson is the Police Chief of the City of Allen Park, Michigan.

4. The acts, transactions and events which give rise to this action all occurred in Wayne County, Michigan.

5. The amount in controversy exceeds $25,000.00 exclusive of costs, fees and interest.

## GENERAL ALLEGATIONS

6. Plaintiff was a civilian employee of Defendant City's Police Department since May 5, 1999 and worked as a clerk in the Records Bureau.

7. Part of Plaintiff's job responsibilities concerned Defendant City's public auction of seized vehicles.

8. On or about July 15, 2002, Plaintiff reported suspected malfeasance and illegal conduct concerning the public auction of April 25, 2002, to Defendant Dobson.

9. In response, Defendant Dobson yelled at Plaintiff and threatened her with the loss of her job.

10. On July 25, 2002, Plaintiff contacted City Administrator Kevin Welch and the Public Safety Commission (PSC) to advise them of her concerns of illegal activity and malfeasance with the public auction of seized automobiles.

11. On July 29, 2002, Plaintiff communicated by letter to City Administrator Kevin Welch to advise him that the PSC wanted Plaintiff to copy certain records to support her claims of illegal conduct and malfeasance.

12. On July 29, 2002, Kevin Welch placed Plaintiff on Administrative Leave.

13. On August 2, 2002, Plaintiff returned to work.

14. On August 5, 2002, at the behest of City Administrator Welch, Defendant Chief Dobson apologized to Plaintiff for his outburst but failed and refused to withdraw his threat of termination of Plaintiff's employment.

15. Upon Plaintiff's return to work, she was given two new supervisors, Cpl. Stites and Cpl. Riviera.

16. Cpl. Stites and Riviera refused to let Plaintiff perform her job and harassed Plaintiff in retaliation for her report of suspected illegal conduct and malfeasance.

17. Based on Plaintiff's disclosure and report of suspected wrongdoing, the State Police and the Federal Bureau of Investigation began a formal investigation of Defendant City's public auctions of seized vehicles, including interviews with Police Chief Dobson, Cpl. Stites and others.

18. On or about September 17, 2002, Plaintiff was deposed by an attorney representing another City of Allen Park employee in a civil rights action against Defendants, entitled *Marcos Madrigal and Elsa Madrigal vs. City of Allen Park and Its Police Chief Kenneth Dobson in his Official and Unofficial Capacity*, pending in the United States District Court Eastern District of Michigan, and assigned to the Hon. Arthur J. Tarnow (being Case No. 01-73911).

19. Employees of Defendant's Police Department warned Plaintiff that she was not safe and that she was in peril of personal harm due to her report of suspected illegal activity and/or her testimony in the *Madrigal* matter.

20. Despite the fact that Plaintiff otherwise loved her job and performed the duties of her job in an exemplary fashion, Plaintiff requested a transfer out of the Police Department to another clerk position with Defendant because of the threats to her

personal safety and the untenable treatment she received from Cpl. Stites, Defendant Dobson and others as a result of contacting law enforcement to disclose suspected wrongdoing and/or her testimony in the *Madrigal* matter.

21. Sometime in September of 2002, Defendant Dobson demanded that Plaintiff write a letter impugning the credibility of a co-employee, Inspector Michael Cameron, because said co-employee had provided testimony in the *Madrigal* matter which Defendant Dobson perceived as adverse to him.

22. When Plaintiff refused to write anything untrue, Defendant Dobson threatened Plaintiff's job status and threatened that her request for a transfer would not be approved until she wrote the requested letter.

23. In retaliation for Plaintiff's disclosure of suspected illegal activity and wrongdoing and/or for her testimony and participation in the *Madrigal* matter, Plaintiff was subjected to harassment, retaliation and other adverse employment action by Defendants, Cpl. Stites and others.

24. On September 18, 2002 Plaintiff began her position as a City Clerk.

25. On September 23, 2002, at the suggestion of her supervisor, Bev Kelley, Plaintiff was directed to Kevin Welch.

26. On September 23, 2002, Kevin Welch suggested that Plaintiff file for workman's compensation due to the stress experienced by plaintiff as a result of the retaliation and sent a city employee to deliver the necessary forms for plaintiff to complete to receive said benefits. Plaintiff's request for said benefits was subsequently denied.

27. On Oct 30, 2002, Kevin Welch personally appeared at Plaintiff's home and

promised Plaintiff a safe position if Plaintiff returned to work in the office of the City Clerk.

29. On October 31, 2002, Plaintiff returned to work in the City Clerk's office.

30. When Plaintiff appeared for work at her new position she discovered that she had no desk, no phone, no supplies and no work.

31. So traumatic, oppressive and untenable was the adverse employment treatment, that Plaintiff was forced to leave the workplace.

32. On December 2, 2002, Plaintiff's counsel contacted Defendant City by letter to advise of the protections afforded Plaintiff under the Whistleblower Protection Act (WPA) and to request that Plaintiff be returned to, and reinstated in, her Records Bureau position.

33. Defendant City has refused to reinstate Plaintiff or to return her to her Records Bureau job.

34. On or about January 9, 2003, Plaintiff received a notice from Defendant City that the Records Bureau position had been eliminated due to cost reductions/budgetary concerns despite the fact that Plaintiff hired two part-time employees to fill the position and were looking for a third.

35. On January 14, 2003, Plaintiff filed this Complaint, since amended, against Defendants.

36. Subsequent to the filing of this action, Plaintiff experienced continued retaliation and harassment.

37. On or about March 27, 2003, Plaintiff appeared before the General Employees Civil Service Commission (GECSC) to request a 45 day personal leave of absence

due to the stress and difficulty related to the filing of this action.

38. At the GECSC hearing, a lawyer for the City of Allen Park, David Tamsen, threatened Plaintiff and suggested that she would not be able to return to work following her personal leave unless she agreed to dismiss her lawsuit.

39. Plaintiff's request for personal leave was granted.

**COUNT I: VIOLATION OF WHISTLEBLOWER PROTECTION ACT (WPA)**

40. Plaintiff realleges paragraphs 1 through 39.

41. The WPA, MCLA 15.361, et. seq. provides that an employer cannot discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because the employee reports or is about a violation or suspected violation of law to a public body.

42. Plaintiff engaged in protected activity as defined in the WPA when she reported her suspicion of illegal conduct in the public auction of seized vehicles to State law enforcement.

43. Plaintiff was harassed, discriminated, against, threatened and otherwise subjected to adverse employment action in retaliation for engaging in such protected activity.

44. Plaintiff's adverse employment is causally connected to her protected activity, as described above.

45. As a result of Defendants violation of the WPA, Plaintiff has suffered and will continue to suffer economic and non-economic damages including but not limited to: lost income, lost medical, fringe and retirement benefits, front pay, emotional

distress, anger, humiliation and other psychological injuries.

ACCORDINGLY, Plaintiff asks this Court to enter Judgment in Plaintiff's favor against Defendants in excess of $25,000.00 together with all costs, interest and statutory attorney fees, injunctive relief, reinstatement and all other remedies provided or allowed under the WPA.

## COUNT II: RETALIATION IN VIOLATION OF THE ELLIOTT LARSEN CIVIL RIGHTS ACT (ELCRA)

46. Plaintiff realleges paragraphs 1 through 45.

47. MCL 37.2701(a) forbids Defendants and any person from retaliating or discriminating against Plaintiff because she has testified, assisted or participated in an investigation or proceeding concerning the violation of a persons civil rights protected under the ELCRA.

48. Defendants have retaliated and discriminated against Plaintiff because she testified, assisted and/or participated in the *Madrigal* ELCRA action, as described above.

49. As a result of Defendants violation of the MCL 37.2701(a), Plaintiff has suffered and will continue to suffer economic and non-economic damages including but not limited to: lost income, lost medical, fringe and retirement benefits, front pay, emotional distress, anger, humiliation and other psychological injuries.

ACCORDINGLY, Plaintiff asks this Court to enter Judgment in Plaintiff's favor against Defendants in excess of $25,000.00 together with all costs, interest and statutory attorney fees, injunctive relief, reinstatement and all other remedies provided or allowed under the ELCRA.

## COUNT III: RETALIATION IN VIOLATION OF FIRST AMENDMENT

50. Plaintiff realleges paragraphs 1 through 49.

51. As a public employee, Plaintiff retained her First Amendment rights concerning matters of public concern.

52. Plaintiff suffered retaliation and adverse employment actions, as described above, in retaliation for exercising her First Amendment rights by disclosing her suspicion of corruption in the Police Department's auction.

53. The First Amendment to the United State Constitution as incorporated by the Fourteenth Amendment prohibits state governments and their political subdivisions from retaliating against free speech.

54. Plaintiff's disclosure of wrongdoing raised matters of public concern.

55. The First Amendment violation was a substantial or motivating factor in Defendant's adverse employment action.

56. Under 42 USC Section 1983, Plaintiff may recover against Defendants for the violation of her First Amendment rights.

ACCORDINGLY, Plaintiff asks this Court to enter Judgment in Plaintiff's favor against Defendants in excess of $25,000.00 together with all costs, interest and statutory attorney fees, injunctive relief, reinstatement and all other remedies provided or allowed under 42 USC Section 1983.

JOEL B. SKLAR P38338
Attorney for Plaintiff
30445 Northwestern Hwy 200
Farmington Hills, MI 48334
248-855-1330

Dated:

### JURY DEMAND

Plaintiff demands a jury trial of this matter.

_____
JOEL B. SKLAR P38338
Attorney for Plaintiff
30445 Northwestern Hwy 200
Farmington Hills, MI 48334
248-855-1330

Dated

### PROOF OF SERVICE

The undersigned certifies that on October 25, 2003, he served Plaintiff's Second Amended Complaint, upon all parties in the above captioned matter by placing said documents in an envelope properly addressed to the above-named attorneys and placing said envelope in the United State mail with first class postage fully prepaid thereon to all attorneys of record.

_____
JOEL B. SKLAR