UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL CHUBA,

       Plaintiff,

vs.
                                    Case No. 03-CV-74369
                                    HON. GEORGE CARAM STEEH

CITY OF ALLEN PARK, et al.,

       Defendants.

_____/

ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE
MOTION FOR SUMMARY JUDGMENT (#60)

Plaintiff Cheryl Chuba alleges employment claims under Michigan's Whistleblowers' Protection Act, M.C.L. §§ 15.361, et seq., Michigan's Elliott-Larsen Civil Rights Act, M.C.L. §§ 37.2101, et seq., and the First Amendment. Defendants City of Allen Park and Kenneth Dobson filed the instant April 14, 2005 motion for leave to file a motion for summary judgment after their March 22, 2005 motion for summary judgment was struck as being in violation of the court's scheduling order setting the dispositive motion cut-off date at February 18, 2005. See March 31, 2005 Order. The Final Pretrial Conference ("FPTC") remained scheduled for April 25, 2005, with trial scheduled to begin on May 3, 2005.

Four days after the filing of the motion for leave to file a motion for summary judgment, on April 18, 2005, the parties executed a stipulation leading to entry of an April 18, 2005 Order extending the time for filing the Final Pretrial Order ("FPTO") to June 27, 2005, rescheduling the FPTC for July 5, 2005, and rescheduling trial for July 12, 2005.

Plaintiff filed her response to the instant motion on April 20, 2005, two days after entry of the court's Order extending the FPTC and trial dates. Defendants filed a reply on April 26, 2005.

The facts and legal arguments presented in the parties' briefs are sufficient to adjudicate the motion. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

As indicated in the court's March 31, 2005 Order striking defendants' March 22, 2005 motion for summary judgment as being in violation of the court's scheduling order requiring dispositive motions to be filed by February 18, 2005, Federal Rule of Civil Procedure 16 governs the scheduling of matters in a federal lawsuit. Included in Rule 16 is the court's authority to take appropriate action regarding the "appropriateness and timing of summary adjudication under Rule 56," as this court did in setting the dispositive motion cutoff date at February 18, 2005. Fed. R. Civ. P. 16(c)(3). Indeed:

> A schedule shall not be modified except on good cause and by leave of the district court . . . .

Fed. R. Civ. P. 16(c). Violation of a court's scheduling order subjects a party or a party's attorney to sanctions. Fed. R. Civ. P. 16(f). Consistent with Rule 16, defendants' argument that they should be granted leave to file a motion for summary judgment because Federal Rule of Civil Procedure 56 permits the motion to be filed at any time is unpersuasive.

The court's April 18, 2005 Order extending the filing of the FPTO to June 27, 2005, the FPTC to July 5, 2005, and trial to July 12, 2005, entered as a result of the parties following stipulation:

> The parties having previously engaged in a facilitation which made progress, but did not reach any settlement, the parties feeling that further efforts toward settlement may be beneficial;
>
> The parties do hereby stipulate to adjourn the filing of the final pretrial order, final pretrial conference, and the trial date for 60 days <u>to allow for a continued facilitation in hopes of resolving the case</u>.
>
> The parties do hereby further stipulate that the court may appoint a magistrate judge to conduct the settlement conference.

April 18, 2005 Stipulation For Adjournment of Dates (emphasis added). The parties' express intent in seeking a 60 day extension of the FPTO, FPTC, and trial dates is to allow them to focus on facilitation and settlement negotiations, a process that would be hindered if the parties were also required to file a motion for summary judgment, a response, and a reply during the same 60-day period. If defendants were granted leave to file their motion for summary judgment by May 6, 2005, plaintiff would be required to file her response by May 31, 2005, and defendants their reply by June 13, 2005. See E.D. Mich. LR 6.1, 7.1(d). Allowing the court a week to consider the briefs, the earliest hearing date (assuming availability in the court's docket) would be June 20, 2005, seven days before the FPTO is currently due on June 27, 2005. By operation of Local Rule 16.1(f), the currently rescheduled July 5, 2005 FPTC would again need to be rescheduled after the court ruled on the motion, if of course, defendants did not prevail. Defendants' argument that there is "no reason why" the court could not hear the motion for summary judgment prior to the currently scheduled July 12, 2005 trial date fails to demonstrate requisite good cause for granting leave to file a motion for summary judgment in light of the purpose of the extension of dates granted in the court's April 18, 2005 Order, and the probability of a resulting additional extension of the FPTO, FPTC, and trial dates. Fed. R. Civ. P. 16(c). The parties'

3

resources would best be served in seeking their stipulated goals during the 60-day extension.

Defendants' motion for leave to file a motion for summary judgment is hereby DENIED.

SO ORDERED.

                                                s/George Caram Steeh
                                                GEORGE CARAM STEEH
                                                UNITED STATES DISTRICT JUDGE

Dated:  April 29, 2005

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on April 29, 2005, by electronic and/or ordinary mail.

                                                s/Josephine Chaffee
                                                Secretary/Deputy Clerk